IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ADAM MITCHELL,

       Plaintiff,

vs.                                                                                    Cause No. 17-951

FOREMOST INSURANCE GROUP,

       Defendants.

## <u>NOTICE OF REMOVAL</u>

Foremost Insurance Company Grand Rapids, Michigan, (improperly named herein as Foremost Insurance Group) (Foremost), by and through its counsel of record, Riley, Shane & Keller, P.A. (Courtenay L. Keller), hereby gives notice of removal of this matter to the United States District Court for the District of New Mexico.  In support, Foremost states the following:

1.      Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Foremost hereby gives notice of removal of all counts and claims asserted by the Plaintiff in the civil action filed in the Second Judicial District, County of Bernalillo, State of New Mexico, styled: *Adam Mitchell v. Foremost Insurance Group*; Second Judicial District Cause No. D-202-CV-2017-05067. Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings, and orders served to date are attached hereto as Exhibit "A".

2.      Plaintiff's "*Amended Complaint for, Bad Faith/Breach of Fiduciary Duty and to Recover Damages for Personal Injuries from an Underinsured Motorist Unfair Claims Practices and Punitive Damages*" (Complaint) was filed in the Second Judicial District Court on July 27, 2017.  *See* Exhibit "A".  An Alias Summons was issued by the Second Judicial District Court on August 10, 2017.  Pursuant to NMSA 1978, Sections 59A-5-31 and 59A-5-32, the State of New Mexico Office of the Superintendent of Insurance accepted service of the Complaint on behalf of Foremost on August 18, 2017.  Therefore, this Notice of Removal is timely filed under 28 U.S.C.

§ 1446 (b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348, 119 S.Ct. 1322, 1325 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint . . . but not by mere receipt of the complaint unattended by any formal service").

3.      This is an action of a civil nature in which the United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00.

4.      Defendant Foremost is a resident of the State of Michigan.  Plaintiff is, upon information and belief, a citizen and resident of the State of New Mexico.  *See* Exhibit "A", Complaint at ¶ 1.

A reasonable estimate of the amount that will be put at issue in the course of the litigation is in excess of $75,000.00,[1] exclusive of interest and costs.

5.

This case involves an actual controversy between the parties regarding their respective rights and obligations under the applicable insurance policy.  *See generally* Exhibit "A", Complaint.  The policy at issue in this case is a motorcycle policy issued by Foremost to its named insured, Richard Ortiz, which insured the motorcycle Plaintiff was riding at the time of

---

[1]      *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (1995); *see also Frederick v. Farmers Underwriters Ins. Co.,* 683 F.3d 1242, 1254 (10th Cir. 2012); and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) (holding "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. . . [e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

the accident and carried uninsured/underinsured motorist (UM/UIM) limits for bodily injury in the amount of $25,000 per person/$50,000 per accident.

6.     Plaintiff's Complaint contains three "causes of action": (a) underinsured motorist (UIM) benefits; (¶¶ 16-17); (b) unfair claims practices (¶¶ 19-29); and (c) punitive damages (¶¶ 31-32).  *See generally* Exhibit "A", Complaint at noted paragraphs.  Although not specifically alleged, Plaintiff's Complaint may support claims for breach of contract and breach of the covenant of good faith and fair dealing.

7.     Without admitting the validity of any of Plaintiff's allegations, the amount that will be put at issue in this case will likely exceed the jurisdictional minimum because Plaintiff seeks: (a) to recover policy benefits based on his claims of bodily injury damages (physical injuries, pain and suffering, disfigurement, loss of enjoyment of life, loss of household services, past and future medical expenses, non-medical expenses, punitive damages, and other damages "not presently determinable but to be prove at time of trial"); (b) damages arising from the alleged "bad faith" including attorney's fees, damages for economic hardship, damages for being compelled to institute litigation, damages for alleged unreasonable delay in handling the claim, and pre and post judgment interest; (c) treble damages; and (d) punitive (exemplary) damages based on an alleged conscious disregard of Plaintiff's rights, acts committed with utter and total disregard for the rights of the Plaintiff, and acts that were willful, wanton, and reckless.  *See generally* Exhibit "A", Complaint.

8.     The damages claimed in the underlying tort suit, which Plaintiff claims Foremost owes in uninsured motorist benefits, combined with the damages claimed as a result of the alleged breach of contract, bad faith, and statutory violations, likely exceed the minimum

jurisdictional limit.  If Plaintiff prevails on his claims (*see* paragraph 8, *supra*), New Mexico law may permit recovery of compensatory damages, incidental and consequential loss damages, punitive damages, and attorneys' fees.  *See* UJI 13–1712 NMRA (compensatory damages in bad faith cases); UJI 13–1714 NMRA (costs of defense); UJI 13–1715 (indemnification); UJI 13–1716 (incidental and consequential loss damages); NMSA 1978, § 39-2-1 (permitting an award of attorneys' fees where insurer acted unreasonably in failing to pay a first party claim); NMSA 1978, § 59A-16-30 (permitting an award of attorneys' fees where an insurer has willfully engaged in a violation of § 59A-16-20 and mandating costs to the prevailing party); and UJI 13–1718 NMRA (providing recovery of punitive damages in bad faith actions where carrier acted in reckless disregard for the interests of its insured).

9.      "Punitive damages may be considered in determining the requisite jurisdictional amount."  *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).  A removing defendant need only establish that state law would permit a recovery of punitive damages and that the "total award, including compensatory and punitive damages, could exceed 'the jurisdictional minimum].'"  *Frederick v. Farmers Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2010).  Similarly, where recovery of attorneys' fees is permitted by statute, such claims may also be considered in determining whether the amount in controversy requirement is satisfied.  *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933).

10.     Without admitting any of the Plaintiff's allegations, and without admitting the Plaintiff is entitled to recover any of the claimed damages, Foremost submits that the aggregate "value" of what Plaintiff seeks to recover in this case, or what a judgment would be worth to

Plaintiff, exceeds $75,000.00.  *See Wiatt v. State Farm Ins. Co.*, 560 F.Supp.2d 1068, 1075 (D.N.M. 2007) (providing court may "aggregate actual damages, punitive damages, attorneys' fees, and statutorily imposed penalties" when determining whether jurisdictional amount requirement is satisfied).

11.     Pursuant to 28 U.S.C. § 1446 (d), written notice of removal has been given to all adverse parties and a copy of this Notice of Removal has been filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico.

Respectfully submitted,

**RILEY, SHANE & KELLER, P.A.**

By: */s/ Courtenay L. Keller (electronically filed)*
    **COURTENAY L. KELLER**
    3880 Osuna Road NE
    Albuquerque, NM 87109
    (505) 883-5030
    *Attorneys for Defendant*
        *Foremost Insurance Company*
        *Grand Rapids, Michican*

The undersigned hereby certifies that on the 15th day of September, 2017, a copy of the foregoing was electronically filed through the CM/ECF system, which caused the following participating CM/ECF counsel to be served with same by electronic means.  The undersigned further certifies that on the 15th day of September, 2017, a true and correct copy of the foregoing was also e-mailed to the following counsel of record:

Brent M. Ferrel
The Law Office of Brent M. Ferrel, LLC
*Attorneys for Plaintiff*
P.O. Box 7699
Albuquerque, NM 87194
Email: bmflawnm@gmail.com

By: */s/ Courtenay L. Keller (electronically filed)*
    **COURTENAY L. KELLER**